UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MARVIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 21-2962 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Mark Marvin purports to file a petition for a writ of habeas corpus on behalf of Brandon Fellows, who was arrested and charged with criminal offenses committed during an allegedly "mostly peaceful assembly by peaceful persons in Washington, D.C. on January 6, 2021." Pet. at 1.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Missing from the petition are any factual allegations establishing that petitioner sustained (or is likely to sustain) an injury resulting from the criminal charges against another individual for that defendant's alleged actions on or any other event occurring on January 6, 2021.

Furthermore, the Court notes that a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority.  28 U.S.C. § 2241(c).  A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g.*, *Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas).  Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is otherwise restrained.  Consequently, the petitioner is not "in custody" for habeas purposes.

Lastly, petitioner, as a lay person, cannot prosecute the claims of another individual in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); accord *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

Petitioner's application to proceed *in forma pauperis* will be granted and his *pro se* petition for a writ of habeas corpus will be dismissed.  A separate order will issue.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: November 16, 2021